UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATERA BIRDOW, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-2165-B |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, JOSE MIGUEL MORENO | § | |
| RIOS, and KELLI BIDDLECOME, | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Katera Birdow's Motion to Remand (Doc. 5). The issues are whether Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has properly alleged its diverse citizenship, and whether nondiverse Defendants Jose Miguel Moreno Rios and Kelli Biddlecome are properly joined to this case. Because the Court concludes that it lacks jurisdiction over this dispute, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 5).

### I.

### BACKGROUND

This is an insurance dispute. On or about May 29, 2020, Plaintiff Birdow was injured in a car accident in Lancaster, Texas. Doc. 1-1, Pl.'s Original Pet., 3. According to Birdow, the accident occurred when "[a]n underinsured driver, William Crawford, failed to yield the right-of-way and turned left[,] colliding hard into the front of [Birdow's] oncoming vehicle." *Id.* As a result of the accident, Birdow claims to have incurred "over $59,000.00" in medical expenses and states that

- 1 -

"she's recommended for a surgery and physical therapy estimat[ed] to cost over $156,000.00." *Id.* at 9–10.

At the time of the accident, Birdow maintained an insurance policy with Defendant State Farm, which she claims provided coverage "in the event she was damaged or injured by the negligence of an underinsured motorist." *Id.* at 4. Because Crawford, "[t]he at-fault driver[,] lacked sufficient insurance coverage . . . [Birdow] sought Underinsured Motorist [("UIM")] Benefits" through her own policy with State Farm. *Id.* at 10. Birdow identifies Defendants Rios and Biddlecome as the adjusters who handled her insurance claim on State Farm's behalf. *See id.* at 10–11.

To facilitate her insurance claim, Birdow sent State Farm "a package of all documents necessary to evaluate [her] claims." *Id.* at 10. After sending her materials, Birdow avers that she received a letter from Rios "requesting itemized bills along with [specially-formatted] bills . . . [d]espite a majority of this information already being provided." *Id.* at 10. Roughly two weeks later, Birdow claims she received a letter from Rios and Biddlecome "extending an offer of $34,685.76." *Id.* According to Birdow, the letter "contained no explanation whatsoever of the basis in the policy" for offering less than the full value of her claim,[1] *see id.* at 11, and Rios and Biddlecome have "refuse[d] to provide a reasonable explanation." *Id.*

On August 2, 2021, Birdow filed suit in Texas state court against State Farm, Rios, and Biddlecome. *Id.* at 1. Specifically, Birdow seeks a declaratory judgment: (1) stating that William

---

[1] In full, Birdow's petition states that the letter "contained no explanation whatsoever of the basis in the policy for the *lack of settlement offer* being extended." Doc. 1-1, Pl.'s Original Pet., 4, 11. Birdow clarifies in her motion that this contradiction was an "obvious typographical error [that] should be disregarded." Doc. 5, Pl.'s Resp., 3 n.1. State Farm does not appear to take issue with Birdow's clarification, *see* Doc. 7, Def.'s Resp., and the distinction does not affect the Court's analysis of the instant motion. As such, the Court proceeds as if the words "lack of" were properly omitted from this sentence.

Crawford's negligence proximately caused Plaintiff's damages; (2) stating that Birdow's claim for underinsured motorist benefits is covered under her policy with State Farm; and (3) determining the amount of underinsured motorist benefits Birdow is entitled to recover from State Farm. *Id.* at 7–9. Birdow also alleges that Defendants Rios and Biddlecome violated Texas Insurance Code § 541.060 by failing to process her claim in good faith and failing to provide a reasonable explanation for the settlement offer that was made. *Id.* at 10–11.

On September 10, 2021, State Farm removed the case to federal court based on diversity jurisdiction. Doc. 1, Notice of Removal, 1. It is undisputed that Birdow, Rios, and Biddlecome are citizens of Texas. *See* Doc. 1-1, Original Pet., at 2; Doc. 1, Notice of Removal, ¶¶ 3, 5, 9–10. However, State Farm's Notice of Removal argues that it is a citizen of Illinois and that Rios and Biddlecome's nondiverse citizenship should be disregarded because they were improperly joined to this suit. Doc. 1, Notice of Removal, ¶¶ 9–11.

On September 24, 2021, the Court ordered Birdow to respond to State Farm's improper joinder argument. Doc. 4, Elec. Order. Birdow then filed the instant motion to remand, arguing that the Court lacks subject-matter jurisdiction over this case because State Farm failed to properly allege its citizenship and Rios and Biddlecome are properly joined. Doc. 5, Pl.'s Mot., 8. The motion is briefed and ripe for review.

## II.

## LEGAL STANDARDS

A.   *Removal Based on Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d

912, 916 (5th Cir. 2001)). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* And "[i]f the record does not contain sufficient evidence to show that subject[-]matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Id.*

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself. This is because 'a federal court *always* has jurisdiction to determine its own jurisdiction.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original) (quoting *United States v. Ruiz*, 536 U.S. 622, 622 (2002)). "If at any time before final judgment it appears that the district court lacks subject[-]matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

B.      *Improper Joinder*

Though diversity jurisdiction requires complete diversity of parties, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). Under the doctrine, a case involving a nondiverse defendant may nevertheless

be removed to federal court if it is established that the nondiverse defendant was improperly joined. *See id.*

"[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined. Thus, the focus of the inquiry must be on the joinder, not on the merits of the plaintiff's case." *Id.* (citation and quotation marks omitted). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). If the party fails to meet this burden and joinder of the in-state party was proper, removal will be inappropriate, and the federal court will not have subject-matter jurisdiction. *Id.* at 575 ("The Supreme Court thus made clear that the burden on the removing party is to prove that the joinder of the in-state parties was improper . . . .").

The Fifth Circuit has traditionally recognized "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). When, as here, the defendant argues the latter method, the test "is whether the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

To determine whether a plaintiff has a reasonable basis of recovery under state law, "[t]he court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy*, 818 F.3d at 207 (second and third alterations in original) (quoting *Smallwood*, 385 F.3d at 573). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery

against the in-state defendant." *Smallwood*, 385 F.3d at 573–74. Since no such inquiry is necessary here, the Court conducts the familiar "Rule 12(b)(6)-type analysis . . . to apply the federal pleading standard embodied" therein. *Int'l Energy*, 818 F.3d at 208.

To meet the federal pleading standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard does not require that the plaintiff's complaint establish that recovery is probable, but does "ask[] for more than a sheer possibility that [the] defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the [petition] has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679.

In conducting its analysis, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Further, the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

## III.

## ANALYSIS

Birdow argues that State Farm has failed to establish complete diversity of citizenship for two

reasons.² First, she contends that State Farm has not sufficiently alleged its own diverse citizenship. Doc. 5, Pl.'s Mot., 4. And second, she argues that contrary to State Farm's position in its Notice of Removal, Rios and Biddlecome are properly joined nondiverse defendants. *Id.* at 5.

Below, the Court considers each of Birdow's arguments for remand and concludes that State Farm has failed to carry its burden to show complete diversity of citizenship because (1) State Farm has not properly alleged its diverse citizenship, and (2) State Farm has not proven that Rios and Biddlecome have been improperly joined.

A.      *State Farm Has Failed to Sufficiently Allege Its Citizenship*

It is well-established in the Fifth Circuit "that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (emphasis in original) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). Birdow argues that State Farm has not sufficiently alleged its citizenship because it has "not distinctly and affirmatively [stated] either the location of its state of incorporation or its principal place of business." Doc. 5, Pl.'s Mot., 4–5. State Farm responds by pointing out that Birdow cites the citizenship test for corporations which is inapplicable because State Farm has identified itself as an unincorporated association. Doc. 7, Def.'s Resp., 1–2. Because the citizenship of an unincorporated association is based on the citizenship of its partners, State Farm argues, its allegation that "none of [its] underwriters are citizens of the State of Texas" sufficiently alleges its citizenship. *Id.* (quoting Doc. 1, Notice of Removal, ¶ 4).

---

² In addition to complete diversity, 28 U.S.C. § 1332(a) requires an amount in controversy exceeding $75,000. Here, Birdow's petition states, "Plaintiff seeks monetary relief of over $250,000, but not more than $1,000,000." Doc. 1-1, Original Pet., 1. Accordingly, the Court considers the amount-in-controversy requirement satisfied and focuses its analysis on whether complete diversity exists.

State Farm is correct that the citizenship of an unincorporated entity or association is based upon the citizenship of each of its partners—not its principal place of business. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). But the Court disagrees that State Farm has distinctly and affirmatively alleged its citizenship under the appropriate test. Specifically, State Farm's negative allegation that its underwriters *are not* Texas citizens does not qualify as a distinct and affirmative allegation of citizenship.[3] *See Sourcing Mgmt. v. Simclar, Inc.*, 2015 WL 2212344, at *5 (N.D. Tex. May 12, 2015) ("[A]n allegation that a particular defendant is *not* a citizen of a certain state is not a 'distinct and affirmative' allegation establishing the citizenship of that defendant."); *Hayfa v. C-K Sherwood Acres, LLC*, 2021 WL 2815975, at *2 (M.D. La. July 6, 2021) ("Negative allegations of citizenship, i.e., 'none of the members are citizens of Louisiana,' are insufficient, as citizenship must be affirmatively alleged."); *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 806–07 (finding that the defendant's original allegation of citizenship—that it was "not a citizen of Texas because it is a limited partnership whose members are not citizens of Texas"—was defective because it failed to "identify its members or their citizenship"); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259–60 (5th Cir. 1988). Accordingly, State Farm has not met its burden to show complete diversity of citizenship.

Notwithstanding State Farm's defective allegation of diverse citizenship, the Court finds that State Farm, if given the opportunity, could remedy its defective allegation. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). As such, the Court proceeds to consider the parties' improper joinder arguments to determine whether immediate remand is mandatory.

---

[3] Though Birdow did not argue this point in her motion, the Court may raise this issue sua sponte, as "subject-matter delineations must be policed by the courts on their own initiative." *Gasch*, 491 F.3d at 281.

B.  *Rios and Biddlecome Are Properly Joined*

Birdow argues that Rios and Biddlecome are properly joined because her petition alleges valid claims against them for violations § 541.060(a)(2) and (a)(3) of the Texas Insurance Code. *See* Doc. 5, Pl.'s Mot., 6–8. In response, State Farm argues that Rios and Biddlecome are improperly joined because "[Birdow's] Petition lacks a factual basis to support a finding of individual liability . . . [and] contains only boilerplate conclusions that they violated the insurance code and acted in bad faith, without actually alleging facts that would support recovery under those theories."[4] Doc. 7, Def.'s Resp., ¶ 5. The Court considers each of Birdow's Texas Insurance Code claims in turn.

1.  Texas Insurance Code § 541.060(a)(2)(A)

Section 541.060(a)(2)(A) of the Texas Insurance Code makes it unlawful for an insurer to "fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code Ann. § 541.060(a)(2)(A). The Fifth Circuit "and the Texas Supreme Court have both recognized that 'Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities.'" *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (alteration in original) (quoting *Gash*, 491 F.3d at 282). However, district courts in the Fifth Circuit are split regarding "which provisions of Chapter 541 apply to adjusters." *Id.* (collecting cases).

---

[4] In its Notice of Removal, State Farm argues that, "[t]o the extent [Birdow's] allegations are construed to allege untrue statements of material fact by Rios or Biddlecombe [sic], [Birdow's] Petition fails to meet the heightened pleading standard of [Federal Rule of Civil Procedure] 9(b) because there are no allegations that go to any specific conduct by" Rios or Biddlecome. Doc. 1, Notice of Removal, ¶ 11. Because the Court does not construe Birdow's petition as making any such allegations, and because neither § 541.060(a)(2)(A) or § 541.060(a)(3) generally require proof of fraud, the Court concludes that Rule 9(b)'s heightened pleading requirements are inapplicable. *See Howley v. Bankers Std. Ins. Co.*, 2021 WL 913290, at *16–17 (N.D. Tex. Mar. 10, 2021).

This Court has repeatedly held that adjusters can be held individually liable under § 541.060(a)(2)(A). *See Arlington Heights Mem'l Post No. 8234 Veterans of Foreign Wars of the U.S. v. Covington Specialty Ins. Co.*, 2017 WL 1929124, at *4 (N.D. Tex. May 10, 2017); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, 2015 WL 5836266, at *4 (N.D. Tex. Sept. 30, 2015); *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015). "That conclusion, however, does not relieve [Birdow] of [her] responsibility to 'plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Thomas v. State Farm Lloyds*, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678).

Birdow's petition alleges the following facts relevant to her § 541.060(a)(2) claim: (1) "[Birdow has] incurred . . . medical expenses . . . over $59,000.00 and [is] recommended for a surgery and physical therapy estimat[ed] to cost over $156,000.00"; (2) "[Birdow] sent a package of all documents necessary to evaluate [her] claims to State Farm"; (3) in response to Birdow's insurance claim, "Rios sent a letter requesting itemized bills along with UB or CMS formatted bills . . . [d]espite a majority of this information already being provided"; and (4) Rios ultimately "sent a letter extending an offer of $34,685.76." Doc. 1-1, Pl.'s Original Pet., 9–10. The remainder of Birdow's petition contains only "legal conclusions couched as factual allegations, which the [C]ourt need not consider" when deciding a motion to remand. *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009); *see* Doc. 1-1, Pl.'s Original Pet., 11 ("The liability of Defendant State Farm . . . under the UIM policy is reasonably clear given the liability facts in this case. What is also clear is that the settlement offer made by Defendants . . . Rios

and . . . Biddlecome on behalf of Defendant State Farm . . . was not a good faith attempt to effectuate a prompt, fair, and equitable settlement of [Birdow's] claims.").

To start, the Court notes that Birdow's petition is vague as to Defendant Biddlecome's involvement in processing Birdow's insurance claim. *Compare id.* at 10 (referring to letters sent by Rios), *with id.* at 11 (indicating that the settlement offer was "made by" Rios and Biddlecome). But even assuming that Rios's alleged action can fairly be attributed to Biddlecome, the Court finds that Birdow's petition does not state a § 541.060(a)(2)(A) claim against either adjuster.

Unlike cases where this Court has found that pleadings sufficiently allege a § 541.060(a)(2)(A) claim, Birdow does not allege facts indicating that Rios or Biddlecome conducted a faulty investigation or purposefully delayed processing Birdow's claim. *Cf. Arlington Heights*, 2017 WL 1929124, at *4; *Linron Props.*, 2015 WL 3755071, at *5; *Denley Grp.*, 2015 WL 5836226, at *4. That Birdow received a settlement offer for less than the total amount of her claim does not, in these circumstances, support the inference that Rios and Biddlecome's attempt to settle Birdow's claim was not in good faith. And Birdow's allegation that Rios requested more, albeit duplicative, information while processing her claim could equally support the inference that Rios was thorough in his investigation of Birdow's claim. Altogether, the Court finds that Birdow's factual allegations fail to push her § 541.060(a)(2)(A) claims from possible to plausible. *See Iqbal*, 556 U.S. 778 (noting that the federal pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

Having determined that Birdow's § 541.060(a)(2)(A) claims are not viable, the Court now considers whether Birdow has sufficiently pleaded a § 541.060(a)(3) claim against Rios or Biddlecome.

### 2. Texas Insurance Code § 541.060(a)(3)

Section 541.060(a)(3) makes it unlawful to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Tex. Ins. Code Ann. § 541.060(a)(3). Similar to § 541.060(a)(2), district courts in the Fifth Circuit are split as to whether insurance adjusters can be held individually liable under § 541.060(a)(3). *Compare Exch. Servs. v. Seneca Ins. Co.*, 2015 WL 6163383, at *4 (N.D. Tex. Oct. 16, 2015) (Lynn, J.) (finding adjusters can be held liable under § 541.060(a)(3)), *with Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (finding adjusters cannot be held liable under § 541.060(a)(3)); *see also Thomas*, 2015 WL 6751130, at *4 (Boyle, J.) (noting *Mainali*'s conclusion regarding adjuster liability under § 541.060(a)(3) but holding that the plaintiff failed to plead factual grounds for § 541.060(a)(3) liability).

Recognizing the split in authority, the Court proceeds here under the assumption that adjusters can be held liable under § 541.060(a)(3), and it does so for two reasons. First, "in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the [Texas Insurance Code] must be resolved in favor of remand." *Roach v. Allstate Vehicle & Prop. Ins. Co.*, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016) (citing *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (holding that "any ambiguities of state law must be resolved" in favor of remand)). And second, State Farm has insisted that its argument is that "[Birdow's] Petition lacks a factual basis to support a finding of individual liability." Doc. 7, Def.'s Resp., ¶ 5. Thus, the question before the Court "is whether [State Farm] has met its heavy burden of proving—based on the factual allegations of [Birdow's] . . . petition—that there is no

reasonable basis for the court to predict that [Birdow] might be able to recover against" Rios or Biddlecome for violating § 541.060(a)(3). *See Conrad v. Cincinnati Ins. Co.*, 2021 WL 5140826, at *4 (N.D. Tex. Nov. 3, 2021) (Fitzwater, J.). Accordingly, the Court proceeds to consider the factual sufficiency of Birdow's petition under the federal pleading standard.

In support of her § 541.060(a)(3) claim against Rios and Biddlecome, Birdow alleges that the letter she received from Rios and Biddlecome extending the settlement offer "contained no explanation whatsoever of the basis in the policy" for the offer, and that Rios and Biddlecome have otherwise "refuse[d] to provide a reasonable explanation." Doc. 1-1, Original Pet., 10–11. While these allegations may be insufficient to state a § 541.060(a)(3) claim where the plaintiff disputes the *adequacy* of an explanation,[5] the Court finds them sufficient here because Birdow's petition does not suggest that Rios, Biddlecome, or State Farm have ever explained—to any extent—the reasoning behind the offer. *See* Doc. 1-1, Original Pet.; *Avila v. Metro. Lloyds Ins. Co.*, 2017 WL 1232529, at *13 (N.D. Tex. Feb. 21, 2017) ("[Plaintiffs] plainly cannot identify specific issues with Defendants' explanation when they allege that the Non-Diverse Defendants did not provide them with any explanation at all.").

Because the Court concludes that Birdow's § 541.060(a)(3) claim against Rios and Biddlecome satisfies the federal pleading standard, it also concludes that Rios and Biddlecome were properly joined as parties to this lawsuit. As such, Rios and Biddlecome's nondiverse citizenship

---

[5] For example, in *Thomas*, this Court found that a plaintiff had failed to state a viable claim under § 541.060(a)(3) where the petition alleged that the adjuster "did not 'provide any explanation for the failure to adequately settle Plaintiff's claim.'" 2015 WL 6751130, at *4. However, in that case, the plaintiffs had also alleged that the adjuster "used her own statements as a basis for denying or underpaying on Plaintiffs' claim, failed to provide an adequate explanation for the denial of Plaintiffs' claim, and represented that the damage was not covered when it was caused by a covered event." *Id.* at *3. Thus, the Court's decision in *Thomas* concerned a dispute regarding the adequacy—not the complete absence—of the defendant's explanation. *See id.* at *3–4.

renders State Farm's removal improper and remand is mandatory. *See Gray ex rel. Rudd v. Beverly Enters.–Miss. Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[E]ven a single valid cause of action against [nondiverse] defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 5) and **REMANDS** this case to the 191st Judicial District Court of Dallas County, Texas, with each party to bear its own costs.

**SO ORDERED**.

**SIGNED: November 22, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE